## SWANEY v PENNSYLVANIA R R CO et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1417.   Decided Dec 18, 1936

W. S. Rhotehamel, Dayton, and Swaney & Creager, Dayton, for appellee.

Matthews & Matthews, Dayton, for appellant.

## OPINION

By THE COURT

The above entitled cause is now being determined on motion of counsel for plaintiff appellee to dismiss the appeal in this court for the reason that no judgment or final order has been entered in the trial court.

The following brief summary of facts will render understandable the manner in which the question arises. In the court below the cause was tried on the plaintiff's amended petition, the answer of the defendants and the evidence. At the close of plaintiff's case, defendant interposed a motion for a directed verdict on the ground that the undisputed evidence denied the right of plaintiff to recover as a matter of law. This motion was again presented at the close of all the testimony and in both instances same was overruled, defendant taking exceptions. The cause was then duly presented to the jury and a verdict of disagreement was returned. The trial court accepted the verdict, discharged the jury from further consideration and continued the case.

It is the claim and contention of counsel for appellees that no judgment or final order is presented in the above proceedings but that the case must stand for new trial.

Contra this contention counsel for appellant cite two recent decisions of the Supreme Court claimed to be directly in point and determinative of their right of review through appeal on question of law.

The following are the cases cited:

**Michigan, Ohio, Indiana Coal Assn. v Nigh, Admr., 131 Oh St 405.   Habbuch, Appellee, v City of Springfield, Appellant, 131 Oh St 412.**

We are necessarily very familiar with these cases since both originated on review before our court. The only factual distinctions between the instant case and the cases cited are the following. In the cited cases the jury had returned verdicts after the court had overruled motions for directed verdict. In one case the verdict was for plaintiff and in the other for the defendant. In each instance the trial court sustained motion for new trial. In both cases error was prosecuted to the Court of Appeals following the sustaining of the motions for new trial. In one case the motion for new trial was filed by counsel for the defendant and in the other case by counsel for the plaintiff. The case of Murphy v The Pittsburgh Plate Glass Co., 132 Oh St 68 (Ohio Bar of Dec. 7, 1936) is in point and we think sustains our views.

In the instant case, the jury returned a verdict of disagreement whereupon the trial court discharges the jury and continues

the case. In substance and in effect this means a new trial.

Counsel for the respective parties presented very able and comprehensive briefs. We have examined and read with care all authorities cited.

We are unable to find any substantial differences in the instant case and the two cases appearing in **131 Oh St 405** and **413** and also **132 Oh St 68,** supra. Upon the authority of these cases the motion to dismiss the appeal will be overruled at costs of appellee. Exceptions will be allowed.

CRAIG, PJ, BARNES and HORNBECK, JJ, concur.