## MYERS v ELYRIA MEMORIAL HOSPITAL CO.

Ohio Appeals, 9th Dist, Lorain Co.

No. 891. Decided Dec. 2, 1938.

William G. Wickens, Lorain, and A. M. Keep, Lorain, for appellee.

Fauver & Fauver, Elyria; R. F. Vandemark, Elyria, and McKeehan, Merrick, Arter & Stewart, Cleveland, for appellant.

## OPINION

By STEVENS, PJ.

Pauline Myers brought her action against the Elyria Memorial Hospital Company in an attempt to recover for personal injuries alleged to have been sustained by her when she was burned by hot water bottles during the period of her hospitalization in the defendant hospital.

To her petition the defendant filed an amended answer, after having moved and demurred to the petition, in which it set out: first, that the plaintiff was a patient in the defendant hospital, a charitable institution, receiving the benefits of the charitable purposes for which defendant was formed, and of the charitable activities in which the defendant was engaged; and, secondly, that the defendant was a complying employer under the provisions of the Ohio Workmen's Compensation law. Trial to a jury resulted in a disagreement and discharge of the jury.

During the trial, at the conclusion of the plaintiff's evidence, and at the conclusion of all of the evidence, motions to direct a verdict in favor of the defendant were made and overruled, and, after the disagreement of the jury, a motion for judgment for the defendant notwithstanding the disagreement of the jury was filed and overruled.

The matter is before this court on the claim that the trial court should have rendered judgment in favor of the defendant.

The facts as disclosed by the record in the case are briefly these: At the outset of the trial it was stipulated and agreed by counsel that the Elyria Memorial Hospital Company had theretofore been and then was a corporation not for profit, organized and existing under the laws of the state of Ohio for the purpose of public charity, and that it had theretofore been and then was engaged in the maintenance and operation of a public charitable hospital in the city of Elyria, Ohio, having been so engaged at all of the times mentioned in plaintiff's petition.

On September 15, 1935, Pauline Myers, after certain preliminary negotiations between herself and the superintendent of the nurses' training school of the Elyria Memorial Hospital, entered said training school for training as a nurse.

The contract under which she entered training provided that Miss Myers was to perform such duties in taking care of patients and receiving instruction as might be required of her by her instructors and superiors in the training school and hospital, and in return therefor she was to receive training and instruction in nursing and allied subjects, her room, board and laundry, and hospital and medical care in the defendant hospital, if and when required, plus $5 a month after the completion of her probationary period.

On March 1, 1936, Miss Myers became ill with a streptococcic infection of her throat and was confined in the defendant hospital on March 2, 1936, receiving the medical and nursing care required by her condition. During the forty-eight-hour period after her confinement in the hospital she was critically ill, her temperature on March 3 ranging from 104 to 108.4 degrees—the highest ever observed by the doctors and nurses who attended her. She was in extremis during most of this period, and on seven different occasions during the ten-hour period on March 3 cardiac stimulants were administered in order to prevent her death. During that time she suffered a severe chill, whereupon external heat was ordered by the doctor in attendance, and blankets were placed over Miss Myers' body and hot water bottles in proximity to her body.

That night or the following day red areas were noticed upon her limbs and one of her feet, which turned out to be burns, and it is to recover for the damage to her by reason of those burns so sustained that this action was brought.

The evidence further shows that for many years, and including all of the period in question, the defendant hospital has complied with the provisions of the Workmen's Compensation law;

that it carried Miss Myers as an employee up until May 2, 1936, when she was discharged from the hospital and allowed to go home, upon the basis of an allowance of $26 a month for meals and lodging, and the $5 monthly cash payment to which she was entitled under her contract. The cash payment, however, was discontinued on March 1, 1936.

The catalogue of the nurses' training school, which constituted a part of her contract of employment, contained this provision:

"Illness. When ill, the students are cared for gratuitously by the hospital and receive the best medical attention available. * * *"

Evidence in the record shows that such hospital and medical treatment was required to be received by student nurses in the defendant hospital.

Appellant suggests that two questions of law are presented by the record in this case:

1. Where defendant has moved for a directed verdict both at the close of plaintiff's case and at the close of all the evidence in the case, which motions were overruled and the case submitted to the jury, and the jury disagrees and is discharged, has the trial court power, either under §11601, GC, or under our practice as it existed prior to that section, to reconsider said motions for a directed verdict and enter judgment for the defendant? Likewise, has the Court of Appeals power to enter final judgment for the defendant if entitled thereto as a matter of law?

2. Does a student nurse, working in a public charitable hospital, who is entitled in case of her illness to hospital care and treatment, and, while receiving the same under her contract of employment, is burned by hot water bottles placed in her bed by a hospital nurse, have a right of action against the hospital if it has used due care in the selection of such nurse and has also complied with the Workmen's Compensation law of Ohio by paying premiums into the state insurance fund, a

part of which premium is based on the compensation paid to the student nurse either in cash or as board and lodging?

**Sec. 11601, GC,** provides:

"Judgment Rendered Against Verdict. When, upon the statements in the pleadings or upon the evidence received upon the trial, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party and whether or not motion to direct a verdict may have been made or overruled, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence."

This section of the statute became effective September 2, 1935. Prior to the enactment of the section there had been much confusion among trial and reviewing courts upon the question of whether or not the denial of a motion for a directed verdict at the conclusion of the plaintiff's case or at the conclusion of all of the evidence was a final order from which appeal could be prosecuted. That question, however, has been entirely dissipated by the decisions of the Supreme Court of the state of Ohio in **Jacob Laub Baking Co. v Middleton, 118 Oh St 106; Hocking Valley Mining Co. v Hunter, 130 Oh St 333; Cincinnati Goodwill Industries v Neuerman, 130 Oh St 334; Michigan-Ohio-Indiana Coal Assn. v Nigh, Admr. 131 Oh St 405; Hubbuch v City of Springfield, et, 131 Oh St 413; and Murphy v Pittsburgh Plate Glass Co., 132 Oh St 68.** All of those cases in effect hold that, where a trial court overrules a motion for a directed verdict, made at the conclusion of all the evidence, the overruling of the motion for a directed verdict is a final order which may be reviewed on appeal.

It is the judgment of this court that the mere fact of disagreement by the trial jury does not change the character of the order made by the trial court in overruling the motion for a directed verdict during the progress of the trial; that irrespective of the finding of the jury or the disagreement of the jury, the order overruling the motion for a directed verdict is a final order from which an appeal may be taken to the reviewing court.

In the instant case there is no contention made by counsel for appellee that this court does not have authority to entertain the appeal in question and pass upon the substantive rights of the parties.

It will be observed that §11601, GC, provides:

"When, * * * upon the evidence received upon the trial, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court * * *." (Emphasis ours).

That section gives to the trial court by legislative fiat the right to render a judgment in favor of the party entitled by law thereto "upon the evidence received upon the trial," which means that where reasonable minds can reasonably reach but one conclusion, then only a question of law is presented.

We hold that, irrespective of the conclusion of the jury, that section of the statute empowers the trial court to pass upon a question of law and render judgment in favor of the party entitled thereto, when, under the evidence received at the trial, only a question of law is presented. The Court of Appeals of Montgomery County in **Swaney v Pennsylvania Railroad Company, 23 Abs 212,** has so held.

The legislature having empowered the trial court to render such judgment, this court, under its constitutional authority to review the judgments of trial courts, has a right to ascertain the propriety with which the trial court acted and, where a question of law is involved, to render such judgment as the trial court should have rendered, in the event the reviewing court concludes that the trial court acted erroneously. We conclude, therefore, that there is no inhibition against

this court's rendering such judgment upon matters of law as, in its opinion, should have been entered by the trial court.

We have carefully read the entire record in this case, and we are clearly of the opinion, under the evidence contained in the record, that if plaintiff was hospitalized in the defendant hospital as a patient, or, in other words, was a beneficiary of the charity of the defendant charitable institution, then under the rule announced in **Taylor, Admr. v Protestant Hospital Assn. 85 Oh St 90; Taylor v Flower Deaconess Home and Hospital, 104 Oh St 61; Rudy v Lakeside Hospital, 115 Oh St 539; Sisters of Charity v Duvelius, 123 Oh St 52; Lakeside Hospital v Kovar, Admr., 131 Oh St 333; and City Hospital v Lewis, 47 Oh Ap 465,** plaintiff had no cause of action against the defendant hospital, because there is an entire failure of proof to show that the defendant hospital was negligent in the employment of those persons who attended plaintiff during her illness.

It is contended by counsel for appellee, however, that the status of Miss Myers was that of an employee off duty at the time of her injury, and that therefore the defendant owed her the duty to exercise reasonable care not to injure her.

As we view the contract and the evidence in the record, it seems to us that Miss Myers, while being hospitalized in the defendant hospital, was merely carrying out the provisions of her contract of employment which required her to be hospitalized in the defendant hospital in case of her illness, and that the hospital was at that time also carrying out its part of said contract of employment. If that conclusion be well founded, then under the case of **Industrial Commission v Davison, 118 Oh St 180,** which holds "An employee is in the course of his employment while he is performing the obligation of his contract of employment," Miss Myers would have no right of action against the defendant hospital

company, but, rather, her claim would be one against the Workmen's Compensation fund of Ohio.

It may be reasonably inferred that the motive back of the provision of the contract of employment, which provided for Miss Myers' hospitalization in defendant hospital in the event of her illness, was a desire on the part of the hospital authorities to accomplish her restoration to health so that she could promptly resume the performance of her duties in the hospital, and thereby obviate the necessity of the hospital's utilizing an entirely untrained person in her place.

If such inference is warranted, then the situation presented would fall within the rule announced in **Industrial Commission v Weigandt, 102 Oh St 1.**

In order that an employee may be entitled to participate in the Workmen's Compensation fund, it is not essential that at the time of injury he be doing the work he was employed to do, if the employment had some causal connection with the injury, either through its activities, its conditions or its environments.

It is perfectly obvious that during the time Miss Myers was being hospitalized in the defendant hospital, and at the time when the injuries were sustained of which she complains, she was in that hospital either in the capacity of an employee carrying out the terms of her contract of employment, or in the capacity of a patient. In either of these events she has no cause of action against the defendant company under the facts shown by this record.

It is further asserted by counsel for appellee that the failure of the hospital to report to the Industrial Commission the injury to appellee takes away the right of the hospital to interpose its defense based upon compliance with the Workmen's Compensation Act. It is sufficient answer to that contention to say merely that the act itself does not so provide.

The trial court should have sustained the motion of the defendant made at

the conclusion of all of the evidence for a directed verdict in its favor, and having failed to do that, the motion for judgment in favor of the defendant notwithstanding the disagreement of the jury should have been sustained.

The judgment of the trial court in refusing to direct verdict for defendant at the close of all the evidence, and in refusing to direct a verdict for defendant notwithstanding the disagreement of the jury, is reversed; and this court, proceeding now to render the judgment which the trial court should have rendered, orders that final judgment dismissing the petition of the plaintiff be entered.

WASHBURN, J. and DOYLE, J., concur.